UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIFER PUTNAM,<br><br>Plaintiff,<br><br>v.<br><br>PETE BOLL, in his official and individual capacities, and the CITY OF POCATELLO,<br><br>Defendant. | Case No. 4:16-cv-00013-BLW<br><br>MEMORANDUM DECISION AND ORDER |

### INTRODUCTION

The Court has before it defendant Pete Boll and the City of Pocatello's Motion to Dismiss (Dkt. 16). The motion is fully briefed and at issue and would not be aided by oral argument. For the reasons discussed below, the Defendants' Motion to Dismiss will be granted, in part, and denied, in part.

### BACKGROUND

On May 6, 2013, Boll arrested and charged Plaintiff, Jennifer Putnam for second-degree misdemeanor stalking. On June 5, 2014, the Idaho District Court granted Putnam's Motion to Dismiss the criminal stalking charges, along with the No Contact Order arising out of the stalking charges. This lawsuit was filed January 8, 2016. The Complaint alleges various state and federal claims arising out of Putnam's arrest. Initially, Plaintiff alleged claims of "false imprisonment," "wrongful arrest," "malicious

prosecution," "taking of Putnam's liberty and property without due process," and "excessive force" based upon this arrest and the ensuing prosecution. Additionally, Putnam alleged that the City of Pocatello has failed to properly train and/or supervise Officer Boll and his practices while serving in his official capacity. However, Putnam has now conceded that the federal claims relating to her wrongful arrest were not filed within the applicable statute of limitations.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.  Where a complaint

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the court need not accept as true, legal conclusions that are couched as factual allegations.  *Id*.  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.  Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief.  *Id.* at 679.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

In the context presented here, the Court must determine whether "the running of the statute is apparent on the face of the complaint." *Id.* (quoting *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir.1980) and citing *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1206 (9th Cir.1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.")).

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b), Defendants have filed a Motion to Dismiss on the basis that Plaintiffs failed to file the lawsuit within the applicable period of limitations for each claim. For the reasons set forth below, the Court will grant Defendants' motion, in part, and deny it, in part.

A.     ***Defendants' motion to dismiss Plaintiff's federal claims arising out of her arrest is Granted.***

As a preliminary manner, the Court must note that Plaintiff concedes that all federal claims based on her wrongful arrest were not filed within the applicable statute of limitations, and thus will be dismissed. *Pl's Resp*. at ¶ 2, Dkt. 19. This includes Putnam's claims of Wrongful Arrest, False Imprisonment, Taking of Putnam's liberty and property without due process, and Excessive Force. As such, Defendants' motion to dismiss these claims is granted and such claims are all dismissed with prejudice.

B.     ***Defendants' Motion To Dismiss Plaintiff's Federal Malicious Prosecution Claims Are Denied.***

Plaintiff alleges a claim of malicious prosecution under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss this claim because it is time barred by the applicable statute of limitations. *Defs' Bf.*, Dkt. 16-1. Defendants maintain that the statute of limitations for a malicious prosecution cause of action under § 1983 accrues upon commencement of the underlying criminal proceeding. *Defs' Bf.* at 5, Dkt. 16-1.

Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 action. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994); (*citing Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991), cert. denied, 502 U.S. 1091, 112 S.Ct. 1161, 117 L.Ed.2d 409 (1992). Generally, in cases of the type before us, the claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Id*.

The elements of a malicious prosecution claim under §1983 are (1) defendant prosecuted plaintiff with malice, (2) defendant lacked probable cause, (3) the prosecution was done for the purposes of denying equal protection or other constitutional right and (4) that the prosecution terminated in plaintiff's favor. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066, 1068 (9th Cir. 2004).

Specifically, the prosecution being terminated in Plaintiff's favor is a necessary element of a claim of malicious prosecution. *Awabdy*, 368 F.3d at 1066, 1068 (9th Cir. 2004). Therefore, it is illogical that the statute of limitations begins running on Plaintiff's claims long before her claims arose.

This is further supported by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Although the Court in *Heck* did not specifically decide the statute of limitations accrual date issue, the Court in that case did state that "a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Heck*, 512 U.S. at 489-90 (1994) (citing 1 C. Corman, Limitation of Actions § 7.4.1, p. 532 (1991); *Carnes v. Atkins Bros. Co.,* 123 La. 26, 31, 48 So. 572, 574 (1909)). Defendants urge the Court to ignore this rule, and to apply an accrual date for the statute of limitations as of the Plaintiff's arrest. *Defs' Br.* at 5, Dkt. 16-1. However, Defendants fail to provide any authority that supports this proposition.

Instead, Defendants urge this Court the analogize the malicious prosecution claim at issue, to the false imprisonment claim in *Wallace v. Kato*, 549 U.S. 384, 389 (2007). There, the Court analogized a claim of false arrest to a claim of false imprisonment

because both torts amount to detention *without legal process.* The Court held that a claim for false arrest accrues when the allegedly false imprisonment ends; *i.e.*, when the victim is released or becomes held pursuant to legal process, such as when the petitioner was bound over for trial by a magistrate. *Id*. at 390. That is, the tort accrues after the alleged tortious conduct was finished.

Application of *Heck* and *Wallace* to these facts both lead to the same conclusion. Applying this reasoning to the facts at issue, the statute of limitations period began accruing upon the underlying criminal proceedings being terminated in Plaintiff's favor; the same time that Plaintiff's alleged tortious conduct, *i.e.*, the malicious prosecution, was finished.

The Idaho District Court granted Putnam's Motion to Dismiss the underlying criminal charges and ceased prosecution on June 5, 2014. This lawsuit was filed January 8, 2016. Because "§ 1983 claims are best characterized as personal injury actions," a State's personal injury statute of limitations should be applied to all § 1983 claims. *Wilson v. Garcia,* 471 U.S. 261, 280 (1985). The applicable statute of limitations regarding tort claims against a governmental entity and officer acting within their official capacity in Idaho is two (2) years. Idaho Code § 6-911. As such, Plaintiff's malicious prosecution claim against Defendants was filed within the applicable two-year statute of limitation. Therefore, Defendants' Motion to Dismiss this claim is denied.

C. *Defendants' Motion to Dismiss Plaintiff's State Malicious Prosecution Claim is Denied.*

For similar reasons as the federal malicious prosecution claim, Defendants' motion to dismiss Plaintiff's state malicious prosecution claim is denied. The elements of malicious prosecution include: (1) that there was a prosecution, (2) that it terminated in favor of the plaintiff, (3) that the defendant was the prosecutor, (4) that the defendant was actuated by malice, (5) that there was want of probable cause, and (6) that damages were sustained. *Robinson v. White*, 90 Idaho 548, 414 P.2d 666 (1966); *Howard v. Felton*, 85 Idaho 286, 379 P.2d 414 (1963); *Russell v. Chamberlain*, 12 Idaho 299, 85 P. 926 (1906). As Plaintiff correctly points out, these elements of a state law malicious prosecution claim are virtually identical to a federal claim under § 1983, with the exception that state law does not require proof of a constitutional violation. *See, e.g., Badell v. Beeks*, 115 Idaho 101, 103 (1988) (identifying state law elements of malicious prosecution).

As a general rule, a claim of relief for malicious prosecution accrues at, and the limitations run from, the date on which the prosecution was terminated. *Myers v. City of Pocatello*, 98 Idaho 168 (Idaho 1977).

Plaintiffs rely on *Myers* for the proposition that a claim for malicious prosecution applies a four (4) year statute of limitations. *Pl's Resp. Br.* at 6, Dkt. 19-1. While the Idaho Supreme Court, in *Myers*, applied Idaho's four-year catch-all statue of limitations, Idaho Code § 5-224, to the claim of malicious prosecution. *Myers*, 98 Idaho at 171 (Idaho 1977). However, the conclusion was superseded by the passage of the Idaho Tort Claims Act, Idaho Code § 6-901, *et al.*, which imposed a two-year statute of limitations for tort

claims against governmental entities. The applicable ITCA statute of limitations now provides that every claim against a governmental entity permitted under the provisions of this act or against an employee of a governmental entity must be brought within two (2) years after the date the claim arose or reasonably should have been discovered, whichever is later. Idaho Code § 6-911.

The prosecution was terminated when the Idaho District Court granted Putnam's *Motion to Dismiss* the underlying criminal charges on June 5, 2014. The lawsuit here was filed January 8, 2016. As such, Plaintiff's malicious prosecution claim against Defendants is within the applicable two-year statute of limitation. Therefore, Defendants' Motion to Dismiss this claim is denied.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss (Dkt. 16) is **GRANTED** in part and **DENIED** in part. Plaintiff's federal claims of Wrongful Arrest, False Imprisonment, Taking of Putnam's liberty and property without due process, and Excessive Force shall be dismissed with **PREJUDICE**. Plaintiff's state and federal claims of malicious prosecution are not dismissed.



DATED: December 8, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court