UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIFER PUTNAM,<br><br>Putnam,<br><br>v.<br><br>PETE BOLL, in his official and individual capacities, and the CITY OF POCATELLO<br><br>Defendant. | Case No. 4:16-cv-00013-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

The Court has before it Defendant's Motion for Summary Judgment (Dkt. 30). The motion is fully briefed and the Court had heard oral argument on June 14, 2017. For the reasons explained below, the Court will grant the motion.

# BACKGROUND

From November, 2011, to May 3, 2013, Jennifer Putnam was involved in a series of contacts with Jennifer Hope and her family. These contacts included sending letters, showing up at events, and requesting that messages be relayed to certain members of the Hope family. *Putnam Dep.* 110:16–25, Dkt. 30-7; 136:15-137:9, Dkt. 30-8; 180:2-16, Dkt. 30-8. Officer Pete Boll was responsible for investigating these allegations. Boll compiled a report and spoke with the city prosecutors about whether the evidence constituted probable cause for a stalking charge under I.C. 18-7906. *Johnson Dep.* 68:3-

11, Dkt. 30-10; *Ferris Dep.* 16:24-17:15, Dkt. 30-11. The prosecutors advised Boll that there seemed to be sufficient evidence to warrant issuing a citation for stalking. *Id.* Boll then went to Putnam's home to question her. *Boll Dep.* 38:3-39:3, Dkt. 30-9. At Putnam's residence, Boll and the Putnam engaged in a conversation. *Putnam Aff.*, Dkt. 34-2. At the end of the conversation, Boll charged Putnam with stalking and placed her under arrest. *Def. Stat. of Fact*, at 3, Dkt. 30-20. Putnam asserts that, during their conversation, Boll talked about a HIPAA complaint that she had filed, and that he threatened to arrest her if she contacted her attorney. *Putnam Aff.*, Dkt 34-2; *Recording of Arrest*, Dkt. 34-13.

The city charged Putnam with stalking under I.C. 18-7906. Judge Carnaroli dismissed the charge, stating, "This is not even a weak stalking case. It is simply not a stalking case." *Mem. in Sup. of Mot. to Exclude Expert*, at 48, Dkt. 22-1.

Putnam filed this lawsuit against Boll and the City of Pocatello. *Compl.*, Dkt. 3. Defendants successfully moved to dismiss some of the claims, but the state and federal malicious prosecution claims survived the motion to dismiss. *Mem. Dec. & Order*, Dkt. 27. Defendants have now moved for summary judgment on the remaining claims. *Def. Mot.*, Dkt. 30.

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility

findings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000). This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Deveraux*, 263 F.3d at 1076. The non-moving party must go beyond the pleadings and show "by her … affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324.

## ANALYSIS

1. **§ 1983 Claim Against Pete Boll**

Putnam has brought a § 1983 action for malicious prosecution against Officer Boll. The Court finds it unnecessary to address Boll's §1983 liability or her claim of

qualified immunity, because the causal chain between the arrest and any claimed harm was broken by an independent prosecutor's charging decision.

If a prosecutor applies his independent judgment and makes the decision to charge an individual with a crime, that decision is an intervening cause which shields the arresting officer from liability. *Hartman v. Moore*, 547 U.S. 250, 262-63 (2006). Currently, there is some uncertainty as to how the role of a prosecutor's charging decision is to be analyzed in a § 1983 case. *Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008). The Ninth Circuit originally articulated a framework in *Smiddy v. Varney*, 665 U.S. 261 (9th Cir. 1981), which began with a rebuttable presumption that prosecuting decisions are acts of independent judgment. That presumption was rebuttable if the arresting officer "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Awadby v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). Also, the presumption does not arise if the arresting officer and the prosecutor refused to divulge the relevant evidence about the independence of the prosecutor's judgment under a claim of privilege. *Smiddy*, 665 U.S. at 267-68.

The Supreme Court later issued an opinion which potentially calls into question the *Smiddy* framework. *Hartman*, 547 U.S. 250. In *Hartman*, the Supreme Court indicated that the presumption of independent prosecutorial judgment is rebutted by simply showing a lack of probable cause. *Hartman*, 547 U.S. at 250. The Ninth Circuit

attempted to reconcile the *Smiddy* and *Hartman* opinions in its decision in *Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008). Under the *Beck* analysis, an officer begins with the rebuttable presumption that charging decisions are the result of the independent judgment of the prosecutor. *Beck*, 527 F.3d at 870. If, however, a plaintiff can demonstrate that there was no probable cause, and can meet the extra requirements of *Smiddy*, the burden shifts to the defendant to show that the prosecutor's judgment acted as an intervening cause. *Beck*, 527 F.3d at 870. If the officer can provide sufficient evidence to show that the prosecutor's judgment was an intervening cause, the officer is shielded from liability. *Id.*

Here, even if Putnam could carry her burden concerning probable cause, she has failed to meet her burden under *Smiddy*. First, Boll and the prosecutors have not claimed privilege for their conversations about the decision to charge Putnam. Rather, they have provided ample affidavits and depositions concerning those interactions. Therefore, Putnam is required to show that Boll "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Awabdy*, 368 F.3d at 1067. Putnam has failed to carry that burden.

As evidence of Boll's wrongful conduct, Putnam claims that Boll may have been motivated to falsify his report because of the following: (1) Putnam claims that Boll mentioned a HIPAA complaint while arresting her, and that he told her that if she called

her attorney she was under arrest, (2) Boll had a familial connection with the Hope family, and (3) the report that Boll filed with the prosecutors was unreasonably long or contained misinformation. But Putnam's allegations are insufficient or unsupported by the evidence.

First, the audio recording of the arrest captures the entire conversation between Boll and Putnam prior to, and immediately following, her arrest. It does not include any statement where Officer Boll mentions a HIPAA complaint. Likewise, there is no statement that remotely resembles a threat to arrest Putnam if she contacted her attorney. Second, Boll's connection with the Hope family is merely that Boll's wife worked as a nurse at the Pocatello Medical Center with Jennifer Hope's sister. This highly attenuated connection is insufficient to constitute circumstantial evidence that Boll had a personal vendetta against Putnam. Lastly, Putnam claims that the report filed by officer Boll was unreasonably long and that it contained misinformation. However, Putnam has neither placed Boll's report in the record nor provided any other evidence to support these claims.

Thus, Putnam has failed to provide the Court with critical evidence and has misstated the evidence that is in the record. Putnam has therefore failed to raise a genuine issue of material fact as to whether Boll "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." Therefore, Putnam has failed to meet the

requirement found in *Smiddy*, and Boll retains the presumption that the prosecutors made an independent charging decision. Therefore, Boll is shielded from liability, and the request to dismiss the §1983 claim against Boll will be granted.

### 2. § 1983 Claim Against the City of Pocatello

Under *Monell*, municipalities and local governments are included among those "persons" subject to liability under § 1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). To hold a municipality liable, a plaintiff must show that "(1) she was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation." Mabe v. San Bernardino County, Dept. of Public Social Services, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (internal quotations omitted). A plaintiff must show that the municipality was the cause of the deprivation, "that the municipal action was taken with the requisite degree of culpability," and that there is a "direct causal link between the municipal action and the deprivation of federal rights." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404-05 (1997).

In this case, Putnam has not provided any evidence of a policy or custom of deliberate indifference, written or unwritten; nor has she provided any evidence that her deprivation was caused by any such policy or custom. Accordingly, there is no material issue of fact concerning the City of Pocatello's liability under § 1983, and the Court will grant summary judgment in favor of the city.

### 3. State Law Claims Against Officer Boll and the City of Pocatello

The elements of a state law claim for malicious prosecution are: "(1) that there was a prosecution; (2) that it terminated in Putnam's favor; (3) that defendant was the prosecutor; (4) malice; (5) lack of probable cause; and (6) damages." *Rincover v. State, Dept. of Finance, Securities Bureau*, 128 Idaho 653, 659 (1996). Additionally, I.C. 6-903 and I.C. 6-904 require a showing of malice or criminal intent.

There is no disputed material issue of fact as to whether Boll or the City of Pocatello acted with malice or criminal intent. As discussed in the analysis of the §1983 claims, the evidence that Putnam has provided concerning Boll's wrongful intent is either misstated or substantially overstated. The evidence of malice or criminal intent is even more sparse. Based on this record, no reasonable jury could conclude that either Boll or the City of Pocatello acted with malice or with criminal intent. Therefore, summary judgment will be granted on the state law claims as well.

## ORDER

**IT IS HEREBYE ORDERED:**

1. Defendant's Motion for Summary Judgment (Dkt. 30) is **GRANTED** as to all claims.
2. Plaintiff's Motion to Exclude Expert (Dkt. 22) is **DEEMED MOOT**.
3. Defendants' Motion to Exclude Reply (Dkt. 26) is **DEEMED MOOT**.
4. Defendants' Motion to Strike (Dkt. 35) is **DEEMED MOOT**.

5. The Court will enter a separate judgment in accordance with Fed. R. Civ. P. 58.



DATED: August 28, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court